### THE JOHN J. TIMMINS.

(Circuit Court of Appeals, Second Circuit. April 11, 1916.)

#### No. 160.

COLLISION ⬤⟶95(2)—STEAM VESSELS MEETING—CHANGE OF COURSE.

A collision in the evening between a barge alongside of a tug and another tug *held*, on conflicting evidence, to have occurred when the vessels were on meeting courses, and to have been due solely to the fault of the towing tug in changing her course.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 200–202; Dec. Dig. ⬤⟶95(2).]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty, for collision by the Moran Towing & Transportation Company, owner of the barge Moran No. 44, against the steam tug John J. Timmins; Edward M. Timmins, claimant. Decree for libelant, and claimant appeals. Affirmed.

H. L. Loomis and Butler, Wycoff & Campbell, all of New York City, for appellant.

Samuel Park and Park & Mattison, all of New York City, for appellee.

Before WARD and ROGERS, Circuit Judges, and HOUGH, District Judge.

WARD, Circuit Judge. Judge Mayer not only found the testimony of the witnesses in this case irreconcilable, which often occurs, but came to a conclusion founded quite as much on what he thought to be the probabilities of the situation as on the testimony of the witnesses from the vessel which he exonerated.

December 6, 1912, about 5:30 p. m., the tug Timmins was bound down Red Hook channel for Bush's Stores, South Brooklyn, with the covered barge Rose on her port and the open deck barge Moran No. 44 on her starboard side. The tug Moran was bound light from the seawall of the Erie Basin Breakwater to New York. The starboard bows of the tug and of the barge No. 44 came into sliding contact, and the owner of the barge, which is also the owner of the tug Moran, filed this libel against the tug Timmins to recover the damages caused thereby. The District Judge entered a decree against the Timmins.

The pleadings of each party give a perfectly intelligible account of what happened, which is consistent with the destination of each vessel. The libel alleges that the collision occurred, when the vessels were meeting green to green in Red Hook channel, as the result of the Timmins suddenly porting, whereupon the Moran hard-aported so as to avoid being struck amidships. On the other hand, the answer of the Timmins says that the collision occurred when the vessels were on crossing courses; the Moran having the Timmins on her starboard side and crossing so near her bows that in hard-aporting to clear she ran into the starboard side of the barge No. 44.

Now, either of these accounts is quite consistent with the destination of each vessel, and if supported by testimony might safely be adopted; but at the trial the master and mate of the Timmins added the following, viz.: That the Moran, while on a course to the westward crossing the course of the Timmins to the southward and showing her green light, suddenly starboarded, shut out her green light, got on a parallel course, and then, when about 200 feet ahead, suddenly hard-aported right across the bows of the Timmins, and in an effort to get clear swung around and ran into the starboard side of the barge No. 44. This account the District Judge rejected as incredible, and we entirely agree with him. Moreover, the navigation is not consistent with the destination of the Moran, nor with the account given in the answer of the Timmins. The conclusion so arrived at deprives the testimony of the material witnesses for the Timmins of any claim to credibility. The best that can be said for them is that they could not have seen the Moran until almost the moment of collision. Consequently we must adopt the story of the Moran, unless it also appears to be incredible. The collision obviously was sudden and unexpected. Neither vessel blew any steering signal, nor even

any alarm. The nature of the contact—a rubbing or glancing, rather than a direct, blow—shows that both vessels must have ported. Those on the Timmins deny any change of course, while the pilot of the Moran admits hard-aporting for a good reason. Obviously, if the Timmins had maintained a steady course and the Moran only had ported, the blow would have been more direct and not glancing.

The No. 44 was a barge entirely covered by her deck, and having forward and aft a perpendicular bulkhead at the bottom as wide as the deck, and angling off to the top which was much narrower. A great deal is said about the forward bulkhead obstructing the view of the Timmins' green light from those on the Moran and of the Moran's green light from those on the Timmins, to which we attach very little importance, particularly as it seems to be admitted that the outline of the vessels could be seen at a considerable distance.

The decree is affirmed.